UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-150M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| ROGELIO DIAZ-GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

Illegal Reentry After Deportation

<u>Date of Detention Hearing</u>:   Initial Appearance April 6, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)   The defendant is charged by Complaint with entering the United States illegally

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 1

15.13  
Rev. 1/91

after having previously been deported.

(2)     The defendant has a criminal history that includes multiple deportations and drug convictions.

(3)     The defendant is a native and citizen of Mexico. He was not interviewed by Pretrial Services. There is no additional information available regarding his personal history, residence, family ties, ties to this District, income, financial assets or liabilities, physical/mental health or controlled substance use, if any. He is associated with multiple alias names.

(4)     An immigration detainer has been placed. Based on this, the defendant does not contest detention.

(5)     The defendant poses a risk of nonappearance due to illegal entry into the United States, multiple alias names, and the immigration detainer. He poses a risk of danger due to his criminal history.

(6)     There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of April, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge